UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01168-GSA-PC<br><br>ORDER DENYING CHANGE OF ADDRESS TO STREET ADDRESS (ECF No. 12.)<br><br>ORDER FOR PLAINTIFF TO FILE NEW NOTICE OF CHANGE OF ADDRESS WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO SEND CHANGE OF ADDRESS FORM TO PLAINTIFF AT KERN VALLEY STATE PRISON |

**I.　BACKGROUND**

　　Derrick Brown ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 18, 2017. (ECF No. 1.)

　　On September 16, 2013, Plaintiff filed a notice requesting the court to change his address of record from Kern Valley State Prison to his sister's street address. (ECF No. 12.)

1

**II. CHANGE OF ADDRESS TO ADDRESS OTHER THAN PRO SE LITIGANT'S ACTUAL ADDRESS**

Plaintiff may not change his address of record with the court to someone else's address. There is no Federal Rule of Civil Procedure or Local Rule allowing service of court and other legal documents at an address other than a pro se litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the court of their addresses and to keep the court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the court to serve him at a different address.

There may be special circumstances in which the court could serve a pro se litigant at a separate address. However, no such special circumstances are apparent here. Moreover, service at a location other than Plaintiff's place of residence can pose significant problems with ensuring that Plaintiff receives all court documentation, meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se.

The court's current address of record for Plaintiff is: Kern Valley State Prison, P.O. Box 5107, Delano, CA 93216. (Court Record.) There is no evidence that Plaintiff was released from custody. Therefore, the Clerk of Court shall be directed to send Plaintiff a change-of-address form. Plaintiff is required to complete and return the form to the court within **fourteen (14) days**, notifying the court of his address of actual residence. Plaintiff is cautioned that pro se litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 182(f). Moreover, Plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 110.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to change his address of record at the court to his sister's street address, filed on September 16, 2017, is DENIED;

2. The Clerk is DIRECTED to send Plaintiff a change-of-address form;
3. Within **fourteen (14) days** of the date of service of this order, Plaintiff is required to file a new notice of change of address, notifying the court of his address of actual residence; and
4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **September 21, 2017**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE